UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEI PORTNOY,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendants. | No. 2:19–cv–1863–KJM–KJN (PS)<br><br>FINDINGS AND RECOMMENDATIONS AND ORDER<br><br>(ECF Nos. 1 and 2.) |

On September 18, 2019, Plaintiff filed the instant action against Defendant "United States of America," and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the Court grants Plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A claim is legally frivolous when it lacks an arguable basis either in law

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory.  <u>Neitzke</u>, 490 U.S. at 327.  Pro se pleadings are liberally construed.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal.  <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) <u>superseded on other grounds by statute as stated in Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir.2000)) (en banc); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1230 (9th Cir. 1984).

Here, Plaintiff's complaint concerns a 2013 order declaring him a vexatious litigant.  (<u>See</u> Case No. 2:13–cv–43–MCE–EFB at ECF No. 67.)  Plaintiff requests this order be voided, as he asserts he was not given notice of the court's intent to label him a vexatious litigant, nor was he given an opportunity to be heard on this issue.  (ECF No. 1.)  However, a review of the docket in the prior case reveals that Plaintiff has already raised this issue before Judge England, who considered the issue as a motion for reconsideration.  (<u>See</u> No. 2:13–cv–43–MCE–EFB at ECF Nos. 70, 72.)  There, Judge England determined that Plaintiff in fact had received notice of the vexatious litigant issue, and held a hearing on it; reconsideration was therefore denied.  (<u>Id.</u> at ECF No. 72.)  Plaintiff's current complaint is merely an invective–filled reassertion of his previous arguments.  (See ECF No. 1.)  Thus, Plaintiff's complaint is legally frivolous, and should be dismissed with prejudice.  <u>Neitzke</u>, 490 U.S. at 327.  Further, given this context, amendment would be futile.  <u>Noll</u>, 809 F.2d at 1448.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and

2. The Clerk of Court be directed to CLOSE this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations.  With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any

motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: September 23, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

port.1863